UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| William Kenneth Young<br>Anita Angela Young | ) ) ) | Case No. 04-53818 |
| Debtors. | ) ) | |

ORDER AND OPINION

  This matter came on before the court upon the Debtor's Motion to Stay State Court Proceedings Pending Appeal entered on August 7, 2006. Appearing for the Debtor was Thomas W. Anderson; the Chapter 13 Trustee Kathryn L. Bringle; and, for Annie Mae Young, Robert Price. Having considered the matters set forth in the pleadings and the arguments of counsel, the court finds as follows:

  Debtors brought a Chapter 13 action on December 28, 2004, and their plan was confirmed on April 7, 2005. Prior to the filing of Debtors' Chapter 13 petition, Debtors and Annie Mae Young ("Young"), who is related to Debtors by marriage, engaged in a real estate "swap," during which Young alleges she was defrauded. In November 2004, Young filed a complaint in the District Court of Stokes County, North Carolina ("Stokes County District Court") seeking rescission of the deed and other equitable relief. The facts of this real estate transaction are contested by the parties.

  On May 12, 2006, Young moved for relief from the automatic stay under 11 U.S.C. § 362 to continue her action in Stokes County District Court. After a hearing on the merits, this court

granted Young's Motion for Relief from Stay. The Order, entered on July 28, 2006, provided that any final order entered by the Superior Court shall not be enforceable until this court authorizes it, and that Young must file a motion with this court to review any final order or judgment within 45 days of entry. On August 7, 2006, Debtors filed both a Notice of Appeal of the Order granting relief from the automatic stay and the current Motion to Stay Court Proceedings Pending Appeal.

Although the issuance of a stay pending appeal is left to the court's discretion, the Fourth Circuit requires a party seeking a stay to meet the same criteria that movants for a preliminary injunction must meet in seeking their relief. *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970); *City of Alexandria v. Helms,* 719 F.3d 699 (4th Cir. 1983)*; Continental Securities Corp. v. Shenandoah Nursing Home*, 188 B.R. 205, 208 (Bankr. W.D. Va. 1995); *In re Tolco Properties, Inc.*, 6 B.R. 490 (Bankr. E.D. Va. 1980). The Fourth Circuit has adopted a "hardship balancing test" to determine whether a movant meets the requirements for a preliminary injunction. *In re Convenience USA, Inc.*, 290 B.R. 558, 562 (citing *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.3d 802, 811 (4th Cir. 1992)); *accord In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003) (". . . [The Fourth Circuit] remain[s] bound to [the hardship balancing test] as it has been consistently articulated and applied by prior appeals."); *Scotts Co. v. United Indus. Corp.,* 315 F.3d 264, 271 n.2 (4th Cir. 2002).

Under the hardship balancing test, the party seeking a stay has the burden of proving four factors: (1) that it will suffer irreparable injury if the stay is denied; (2) that other parties will not be substantially harmed by the stay; (3) that it will likely prevail on the merits of the appeal; and (4) that the public interest will be served by granting the stay. *Id.* at 562; *see also Long*, 432

F.2d at 977; *In re Wilson*, 233 B.R. 915, 917 (Bankr. M.D.N.C. 1998).  In applying this test, the court must determine the relative hardships to both parties before determining how strong a showing of likelihood of success the moving party must make.  *In re Convenience USA*, 290 B.R. at 563 (citing *Wilson,* 233 B.R. at 917).  Once injury to the parties is established, "the likelihood of success that need be shown by the movant will vary inversely with the degree of injury the movant will suffer without a stay."  *Id.*  For example, if the movant is able to show severe irreparable injury, the movant will not be required to show as strong a likelihood of success.  *Id.*  (citing *Direx,* 952 F.3d at 812).

    Lack of irreparable injury alone is sufficient to deny a movant's motion for a stay pending appeal or preliminary injunction.  *Id.* at 564; *see also In re Microsoft Corp. Antitrust Litig.*, 333 F.3d at 527 (stating that irreparable injury is a "condition precedent to the entry of any preliminary injunction").  Actual and imminent irreparable injury must be clearly proved by a plaintiff, and cannot be remote or speculative.  *E.g.*, *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997); *Rum Creek Coal Sales Inc. v. Caperton*, 926 F.3d 359, 359 (4th Cir. 1991).  Furthermore, is well settled that "mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury" under the preliminary injunction standard.  *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 41 (1974); *see also, e.g., Myers v. Bethlehem Shipbuilding Corp.*, 202 U.S. 41, 51-52 (1938).

    In support of Debtors' claim that allowing Young's claim to continue pursuing remedies in Stokes County District Court would constitute irreparable injury to Debtors, Debtors offer only statements that the cost of litigation would be unduly burdensome.  Because mere litigation expense does not constitute an actual, imminent irreparable injury, Debtors have not shown

irreparable injury.  Therefore, Debtors do not meet the preliminary injunction standard required for a motion to stay pending appeal, and their motion is DENIED.

Service List

Kenneth William Young, Sr.
Gay Nell Young
1120 Cheek Farm Road
Walnut, Cove, NC 27052

Thomas W. Anderson
P. O. Box 1273
Pilot Mountain, NC 27041

Robert E. Price, Jr.
1144 West Fourth Street
Winston-Salem, NC 27101

Kathryn L. Bringle
Chapter 13 Trustee
P.O. Box 2115
Winston-Salem, NC 27102-2115