IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| William Kenneth Young, and | ) | |
| Anita Angela Young, | ) | Case No. 04-53818 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter came before the Court for hearing on November 15, 2006 upon the Motion to Amend and Clarify the Order Modifying Plan (the "Motion to Amend"), filed by Annie Mae Young ("Ms. Young") on September 29, 2006, and the Objection to Motion to Amend and Clarify the Order Modifying Plan, filed by the above-referenced debtors (the "Debtors") on October 17, 2006. Robert E. Price, Jr. appeared on behalf of Ms. Young, and Thomas W. Anderson appeared on behalf of the Debtors.

The Debtors' Chapter 13 plan of reorganization (the "Plan") was confirmed by an Order entered on April 7, 2005. The Plan was modified by an Order entered on March 29, 2006 (the "Modification Order"), which, among other things, allowed the Debtors to release their interest in certain real property consisting of a house and 0.379 acre located at 1192 Sam Young Road, Pine Hall, North Carolina 27042 ("1192 Sam Young Road") and provided for modification of the automatic stay provided by Section 362(a) to allow Choice Community Credit Union (the "Credit Union") to foreclose on 1192 Sam Young Road. The Modification Order and subsequent foreclosure had an adverse effect on Ms. Young, who held a life estate interest in the Real

1

Property.  Since no provision was made for Ms. Young in the Modification Order, she filed the Motion to Amend.

Based upon a review of the evidence presented at the hearing, the arguments of counsel, and a review of the entire official file, this Court finds that the Motion to Amend should be denied.

### I. FACTS

The Male Debtor received his interest in 1192 Sam Young Road as a tenant in common with his sister, Robyn Lynn Young, in 1974 from their grandparents.  The record does not reflect whether the Male Debtor's sister retains any interest in 1192 Sam Young Road, but such a determination is not necessary for a resolution of this matter.

The Male Debtor's father, William Kenneth Young, Sr. ("Mr. Young, Sr."), married Ms. Young in 1982.  In 1984, Mr. Young, Sr. received a parcel of property from his mother.  It was from this tract that 1192 Sam Young Road was carved when 1192 Sam Young Road was conveyed to the Male Debtor in 1974.

On August 16, 1994, Mr. Young, Sr. and his wife, Ms. Young, encumbered a house and 1.39 acres located at 1259 Sam Young Road, Pine Hall, North Carolina ("1259 Sam Young Road"), with a deed of trust in favor of Southern National Bank of North Carolina (the "1994 Deed of Trust"), securing a $20,000 debt.

In 1995, Mr. Young, Sr. and Ms. Young separated and eventually divorced.  Their separation agreement provided that Ms. Young should have a life estate interest in 1259 Sam Young Road and a deed evidencing as much was recorded.  The separation agreement also provided that Mr. Young, Sr. would assume all out standing debts.  At the time of the separation,

the indebtedness secured by the 1994 Deed of Trust was still owing.  At the time of their separation, the Male Debtor was still residing at 1192 Sam Young Road.

On October 22, 2001, the Male Debtor and his previous wife encumbered 1192 Sam Young Road with a deed of trust in favor of the Credit Union (the "2001 Deed of Trust"), securing a $60,300 debt.  After this encumbrance was made, Ms. Young approached the Male Debtor and suggested that they swap properties because she thought that he and his family would have more use for the larger house located at 1259 Sam Young Road.  The Male Debtor discussed the idea with Mr. Young, Sr., who held the remainder interest in 1259 Sam Young Road, and the parties thereafter decided to enter into a "deed swap" to carry out the proposed switch.

In late January of 2002, the deed swap took place.  On January 28, 2002, Mr. Young, Sr., along with his new wife, Gay N. Young, and Mrs. Young, conveyed all of their interests in 1259 Sam Young Road to the Male Debtor by warranty deed.  On January 29, 2002, the Male Debtor conveyed a life estate to Ms. Young and a contingent, subsequent life estate to Mr. Young, Sr. in 1192 Sam Young Road.  This transfer was also by warranty deed.  Soon thereafter the two families switched residences.

At the time of the deed swap, both of the properties were encumbered.  1259 Sam Young Road remained encumbered by the 1994 Deed of Trust.  1192 Sam Young Road remained encumbered by the 2001 Deed of Trust.  However, neither Ms. Young nor the Male Debtor knew that the property that they had received was encumbered.

About six months after the deed swap, the Male Debtor tried to borrow money against 1259 Sam Young Road and was told the 1994 Deed of Trust had not been satisfied.  Thereafter,

on September 27, 2002, the Debtors encumbered 1259 Sam Young Road with a deed of trust in favor of Citifinancial securing a $61,236.50 debt. A portion of the proceeds was used to pay off the 1994 Deed of Trust.

On November 23, 2004, Ms. Young brought an action in the District Court of Stokes County, North Carolina (the "State Court Action") against the Debtors and others, alleging that the Debtors defrauded her by inducing her to exchange properties and representing to her that 1192 Sam Young Road was free of encumbrances. The complaint sought rescission of the deed. R. Michael Bruce represented Ms. Young in that action.

The Debtors defaulted on the 2001 Deed of Trust, and the Credit Union began a foreclosure on 1192 Sam Young Road. On December 4, 2004, a foreclosure hearing was held in Stokes County, North Carolina.

On December 28, 2004, the Debtors filed their Chapter 13 bankruptcy petition. Ms. Young was listed as an unsecured, nonpriority creditor on Schedule F; her attorney, Mr. Bruce, was also listed on the matrix. The Debtors' schedules indicate that they own 1259 Sam Young Road, that the tax value of the property is $39,800.00, and that it secures the repayment of an estimated $80,000.00. Their schedules also indicate that the Male Debtor has a remainder interest in 1192 Sam Young Road, that the fair market value of the property is $41,700.00, and that it secures the repayment of $59,692.91.

On March 8, 2005, the Debtors filed their Plan, which indicates that there is a "possible deed of trust against . . . 1259 Sam Young Road." With respect to this indebtedness, the proposed plan provides: "The debtors state they are current in payments to [Citifinancial Services]. The debtors will continue making direct payments to the creditor as required by the contract." The

Plan also indicates a "[d]eed of trust against real property located at 1192 Sam Young Road." The Plan provides for the Chapter 13 trustee (the "Trustee") to make monthly mortgage payments to the Credit Union. On April 7, 2005, the Court entered an order confirming the Plan. Thus, the Plan provided for the indebtedness secured by the 2001 Deed of Trust, which encumbers 1192 Sam Young Road, to be paid and for the status quo to be maintained.

May 12, 2005 was set as the deadline for filing proofs of claim in the Debtors' case. On September 13, 2005, the Trustee filed a report of filed claims. The report indicates that Ms. Young did not file a proof of claim.[1]

On January 19, 2006, the Debtors filed a Motion to Modify Plan, which provides, in pertinent part, "Debtor proposes to release his interest in the house located on 1192 Sam Young Road, Pine Hall, Stokes County, North Carolina in which the debtor has only a remainder interest." The Motion to Modify Plan also indicates that the Debtors wanted to include the mortgage payments on 1259 Sam Young Road in their Plan, including two post-petition payments that were then due. The Motion to Modify Plan was served on Ms. Young and her attorney, Mr. Bruce.

On February 15, 2006, a hearing was held on the Motion to Modify Plan. Counsel for the Debtors and the Trustee attended the hearing, but neither Ms. Young nor her counsel appeared. On March 29, 2006, the Modification Order was entered; it allowed the modification of the Plan and stated, in part:

> ORDERED that real property consisting of two tracts located at 1192 Sam Young

---

[1] The State Court Action initiated by Ms. Young was pending when the Debtors filed their Chapter 13 bankruptcy on December 28, 2004. Ms. Young and her attorney, Mr. Bruce, received notice of the bankruptcy and notice of the bar date for filing proofs of claim.

> Road is released to Choice Community Credit Union and the automatic stay is modified to allow foreclosure. Choice Community Credit Union will be allowed until September 15, 2006 to file an unsecured deficiency claim after liquidating the collateral.

Thereafter, the foreclosure on 1192 Sam Young Road continued, and the property was purchased by the Credit Union at the foreclosure sale on May 12, 2006.

Also on May 12, 2006, Ms. Young, through her bankruptcy attorney, Robert E. Price, Jr., filed a motion for relief from the automatic stay, seeking the Court's permission to proceed with the State Court Action, which seeks rescission of the deed swap effected in January of 2002. The Debtors objected to this motion, and a hearing was held before the Honorable Catherine R. Carruthers on July 5, 2006. On July 28, 2006, Judge Carruthers entered an order (the "Stay Order") granting Ms. Young relief from the automatic stay to pursue the State Court Action. The Stay Order provides that "any Final Order or Judgment obtained in the State Court must be subject to review by this Court before it is enforced." On August 7, 2006, the Debtors filed a Notice of Appeal from the Stay Order. Along with the Notice of Appeal, the Debtors filed a motion to stay the Stay Order pending the outcome of the appeal, which was denied by Judge Carruthers by Order entered on December 12, 2006.

Ms. Young filed an unliquidated proof of claim in this case on August 29, 2006, which date is 474 days after the deadline for filing proofs of claim.

On September 29, 2006, Ms. Young filed the Motion to Amend, seeking to "amend and clarify" the Modification Order, which allowed the Debtors to modify their plan and release 1192 Sam Young Road, resulting in the foreclosure of that property. The Motion to Amend was filed to address the status of Ms. Young's claims and interests in this case. She seeks an extension of

the deadline for filing proofs of claim to and including August 29, 2006, the date on which she filed her proof of claim.

## II. ANALYSIS

A.  Ms. Young Received Adequate Notice of the Motion to Modify the Debtors' Plan

Modification of a Chapter 13 plan under Section 1329 requires that creditors be afforded procedural due process.  See In re Lynch, 109 B.R. 792 (Bankr. W.D. Tenn. 1989).  This requirement is met when a debtor files a proper motion for modification, which is noticed to all "scheduled creditors or at the very least, all creditors holding allowed claims in the confirmed Chapter 13 plan." Id. at 795.  Such notice must be provided to the trustee and all creditors at least 20 days before "the time fixed to accept or reject a proposed modification of a plan. FED. R. BANKR. P. 2002(5).

As noted above, Ms. Young and her attorney, Mr. Bruce, received a copy of the Motion to Modify Plan and received notice of the hearing on the Motion to Modify Plan.  The Motion to Modify Plan stated unequivocally that the Male Debtor proposed "to release his interest in the house located on 1192 Sam Young Road, Pine Hall, Stokes County, North Carolina." Furthermore, in the prayer for relief, the Motion to Modify Plan requests, among other things, that the Court authorize the Male Debtor "to surrender the house at 1192 Sam Young Road." Such language was sufficient to inform Ms. Young that the Male Debtor wanted to release his remainder interest in 1192 Sam Young Road and that the Debtors no longer intended to pay the debt secured by the 2001 Deed of Trust, which encumbered 1192 Sam Young Road.[2]  The notice

---

[2] The language of the Motion to Modify Plan was supported by an attached, amended Schedule J, which plainly showed that the Debtors would not continue making payments to the Credit Union on the 2001 Deed of Trust.

7

received by Ms. Young and Mr. Bruce complied with Rule 2002(5). Thus, the Court finds that the due process rights of Ms. Young were satisfied with regard to the Motion to Modify Plan.

B.  Ms. Young Has No Right to File a Deficiency Claim

At the November 15, 2006 hearing, Ms. Young argued that, because her rights were affected by the Modification Order, she should have been given an additional opportunity to file a claim.[3] She compared her position to that of the Credit Union, which filed a proof of claim for $60,913.45 on February 9, 2005. The Modification Order allowed 170 days for the Credit Union to file a deficiency claim. The Credit Union is a secured creditor,[4] secured by 1192 Sam Young Road, and when the Modification Order modified the automatic stay to allow the Credit Union to foreclose, the Credit Union was also given adequate time to complete the foreclosure and file a deficiency claim. The filing of such a deficiency claim is not the same as the filing of a proof of claim. A secured creditor who files a proof of claim and is granted relief from stay to realize upon its collateral is given time to file a deficiency claim to provide notice to all interested

---

[3]Ms. Young's cause of action for rescission of a deed may not fall within the definition of the word "claim" as it is used in the Bankruptcy Code. See 11 U.S.C. § 101(5). Section 101(5) defines "claim" broadly, but clearly limits the definition by requiring a "right to payment" to be assertable by the holder of the claim. See, e.g., In re Oseen, 133 B.R. 527, 530 (Bankr. D. Idaho 1991)("While the intended scope of the term 'claim' under the Bankruptcy Code is broad, whether [the] legal right to equitable relief . . . is a claim for bankruptcy purposes turns on whether . . . [it] 'gives rise to a right to payment. . . .' 11 U.S.C. § 101(5)(B). Rights to equitable relief for breach of performance of a contract that do not give rise to a right to payment are not 'claims' for bankruptcy purposes . . . ."). Ms. Young, then, may or may not have a "claim," depending on whether her cause of action might eventually give rise to a right to payment.

[4]The lien of a secured creditor is not affected if that creditor chooses not to file a proof of claim. In re Bradshaw, 65 B.R. 556, 557 (Bankr. M.D.N.C. 1986). However, if a secured creditor fails to file a proof of claim and its collateral proves to be inadequate, then that creditor will not participate in any distribution to unsecured creditors. Id. Although the Credit Union was not required to file a proof of claim, it did so.

parties of the amount that is still owed to the creditor, if any, after the creditor has exercised its state law rights. If the secured creditor fails to file a deficiency claim within the time set, then the Chapter 13 trustee and other parties in interest may rely upon the passage of the deadline as a bar. If a deficiency claim is timely filed, then it amends the original proof of claim and provides notice to interested parties of the new claim amount.

Ms. Young, on the other hand, is a general unsecured creditor of the estate, as evidenced by the State Court Action. Ms. Young has a life estate in 1192 Sam Young Road, but she did not file a proof of claim and is not a lien creditor. There was no need for the Modification Order to provide for Ms. Young to amend her previous proof of claim because she filed no previous claim. The fact that her cause of action against the Debtors, as alleged in the State Court Action, is related to 1192 Sam Young Road does not make her a lien creditor. The fact that the Modification Order concerned, in part, 1192 Sam Young Road does not constitute a basis for extending the proof of claim deadline for her.

C. The Bar Date Is an Absolute Deadline

Ms. Young may or may not have a "claim" as that term is used in the Bankruptcy Code. See supra note 3. If she does not have a claim, then the Motion to Amend is unnecessary. If she does have a claim, then the deadline set by Rule 3002 for filing a proof of claim is an absolute deadline. A "bankruptcy court lacks any equitable power to extend the claims bar date in a chapter 13 case; it may only be extended pursuant to one of the explicit exceptions stated in Rule 3002(c) itself." In re Pyle, 201 B.R. 547, 549 (Bankr. E.D. Cal. 1996)(citing In re Coastal Alaska

9

Lines, Inc., 920 F.2d 1428, 1432 (9th Cir. 1990)).[5]  The situation at hand does not meet any of the exceptions enumerated in Rule 3002(c), nor were any exceptions alleged by Ms. Young.  Thus, this Court has no ability to extend the time in which Ms. Young is permitted to file a proof of claim.[6]

## CONCLUSION

Ms. Young has presented no basis for amending or clarifying the Modification Order of March 29, 2006.  Therefore, the Motion to Amend will be denied.

This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

---

[5] The Pyle court also cites FED. R. BANKR. P. 9006(b)(3), which provides that the "court may enlarge the time for taking action under Rules . . . 3002(c) . . . only to the extent and under the conditions stated in those rules."

[6] Ms. Young had an attorney at the time that she was served with the Motion to Modify Plan and with notice of the hearing to consider that motion.  However, even if Ms. Young did not have the benefit of counsel, that would not constitute a sufficient basis for extending the claims bar date.  As noted above, Rule 3002(c) gives explicit guidance on this issue.  A lack of legal counsel is not one of the exceptions listed in Rule 3002(c).

ALL PARTIES